*38 The opinion of the court was delivered by
Bermudez, O. J.
The object of this suit is to recover the amount •of a note given in pledge to secure a debt which was paid, the same having been collected by the pledgee.
Prom an adverse judgment the defendants appeal.
The appellee asks an affirmance with damages.
It appears that, in order to secure advances to the owners of a plantation, the plaintiff pledged to the defendants a note owned by him, the transaction being evidenced by a written act which provides :
“It is agreed * * that said mortgage note is to be held in our possession as collateral for one-half of the amount in excess of $10,000 of the advances to be made by us to the * * Poley
Plantation, for the current expenses for carrying on the same for * * 1888, providing said excess does not exceed the sum of
$3,000. Levis Bros.”
“New Orleans, La., 21st February, 1888.”
The pledgee deny that the advances were in any way agreed to be .limited to $13,000, or to any amount, and show that they amounted to $19,000 and upward.
They further aver that in January, 1888, they had begun said advances and held as security saidjnote and another; that the plantation on which the notes were secured having been sold, the amount coming on said notes was $4,176.75, leaving a balance of $1,081.84; that they have a right to hold said $4,176.75.
The evidence establishes that the advances made by the defendants amounted to $25,904, of which $24,823 were reimbursed, leaving unpaid a sum of $1,081.
It also shows that the defendants, as holders of the pledged notes, collected $2,088.37 from the proceeds of the judicial sale.
The suit is for that sum, with interest from the time when it was paid, and the judgment of the lower court allowed it.
The language in which is couched the written instrument acknowledging the nature and extent of the transaction and of the pledge, is unambiguous. It is as plain as it could have been made.
It shows that plaintiff agreed to secure, by pledging the note, the defendants to the extent of one-half of any advance to be made by them, to the plantation owners, for carrying it on in 1888, over and above $10,000, provided the surplus would not exceed $3,000.
*39 It is impossible to give to the terms used any other reasonable meaning and purport.
The offers of defendants to introduce verbal testimony to show the circumstances under which the agreement was entered into, and the intent of the parties, were therefore properly rejected by the lower court, and the bills of exceptions taken to the ruling do not avail.
The moment that the $13,000 first advanced by the defendants to the plantation owners were reimbursed, the contract between the plaintiff and them ceased to have any further vitality, as it was not a continuing contract, but simply an ancillary agreement. The risk 'was to be run once, and once only. It was run once, with impunity, and the convention is as though it never was. The obligations of a surety are strioti juris, and can not be extended beyond the intent and meaning of the contracting parties.
In kindred cases similar rulings were made. Gerson vs. Hamilton, 30 An. 740; Bloom vs. Kern, Ib. 1263; Nalle et al. vs. Dufour, Manning’s U. C., p. 377.
It is a well recognized principle that a surety can not be held under obligations more onerous than those of the principal.
Fidei jussores ita obligari non possunt, ut plus debant quam debet is pro quo obligantur..
The code is formal on the subject.
Art. 3037, R. O. C., reads:
‘ ‘ The suretyship * * can not be contracted under more onerous obligations.”
It is evident that, had suit been instituted by the defendants, under the state of facts disclosed by the record, against the plantation owners, for the three \thousand dollars ($3,000) of advances made them, after they had already been advanced the ten thousand dollars ($10,000), these, on pleading payment, would have been exonerated, for, taking as true, that there exists a balance due of $1,088, to the defendants, it is not a balance due on the $3,000 advanced under the agreement, immediately after the $10,000 had been, so as to raise the total amount to $13,000; but a balance due on the $12,904 which were advanced after the $13,000 had been disbursed. Quite clearly, as the obligation is to pay should the debtor fail (R. O.O. 3045), and as the plantation owners have paid the $3,000 loaned them in excess of the $10,000, it follows that no claim under any form lies against the surety for said $3,000,or any part thereof, by the pledgees of the note.
*40 As the latter have collected the amount accruing on that security from the proceeds of the judicial sale, they are bound to pay the same over to the plaintiff.
The appeal is not clearly frivolous and damages cannot be allowed.
Judgment affirmed.